# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| KENT SEWRIGHT, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ING GROEP N.V., ING NORTH AMERICA INSURANCE CORPORATION, ING LIFE INSURANCE AND ANNUITY COMPANY, DAVID A. WHEAT, DARRYL HARRIS, MICHEL J. TILMANT, JOHN C.R. HELE, ING U.S. PENSION COMMITTEE and JOHN DOES 1-20, | ) ) ) ) ) ) ) |
|  | ) |
| Defendants. | ) |

Civil Action No.:
1:09-CV-00400-JEC

## MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND FOR CONSOLIDATION OF SUBSEQUENTLY FILED ACTIONS

Defendants ING North America Insurance Corporation, ING Life Insurance and Annuity Company, David A. Wheat, Darryl Harris and ING U.S. Pension Committee (collectively, "Defendants") respectfully submit this memorandum of law in response to plaintiff's motion for appointment of interim class counsel and for consolidation of subsequently filed actions (the "Motion").

While preserving their rights with respect to all other issues (including whether a class should ever be certified), the Defendants take no position with respect to plaintiff's request that the Court appoint Johnson Bottini, LLP as Interim Class Counsel and Page Perry, LLP as Liaison Counsel. Furthermore, Defendants consent to entry of the [Proposed] Order Appointing Interim Class Counsel And Consolidating Subsequently Filed Actions ("Proposed Order") to the extent it (i) provides for the consolidation with the instant action of any related actions filed in, or transferred to, this Court; (ii) establishes efficient procedures for the filing and docketing of papers; and (iii) otherwise eliminates wasteful and duplicative litigation.

Defendants submit this response to briefly address two issues.

First, while plaintiff noted in his memorandum of law in support of the Motion that he was "not aware of any related actions in this Court or in any other jurisdiction," Mem. at 5, he nevertheless requested that any actions deemed by the parties to be related to the instant action and subsequently filed in the Northern District of Georgia be consolidated with his action. On March 5, 2009, plaintiff Deadre D. Diggs (a Georgia resident) filed a related complaint in the Southern District of New York asserting substantively identical claims against several of the defendants named here. See Deadre D. Diggs v. ING Groep N.V., et al., 09 CV 2038 (S.D.N.Y.) (Crotty, J.).

Defendants agree that the <u>Diggs</u> action should be transferred to this Court and consolidated with the instant action.  To that end, Mr. Wheat, who is a named defendant in both this action and the <u>Diggs</u> action, intends to promptly move to transfer the <u>Diggs</u> action to this Court for several reasons, including, but not limited to, 1) the primary plan at issue in the <u>Diggs</u> action (as well as this action) requires that all disputes arising therefrom be filed in the first instance in the Northern District of Georgia, <u>see</u> Americas Savings Plan and ESOP (2007) § 1.4 (providing that "[a]ll controversies, disputes, and claims arising hereunder shall be submitted to the United States District Court for the Northern District of Georgia…"); and 2) the "first-filed" rule requires that this action, the first one filed in a federal court, be given priority and that actions subsequently filed in other jurisdictions, such as <u>Diggs</u>, be transferred to this Court.  <u>See, e.g.</u>, <u>Manuel v. Convergys Corp.</u>, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."); <u>Employers Ins. of Wausau v. Fox Entertainment Group, Inc.</u>, 522 F.3d 271, 274-75 (2d Cir. 2008) (same).[1]

---

[1]  Pursuant to the Individual Practice Rules of Judge Crotty, to whom the <u>Diggs</u> action has been assigned, Mr. Wheat is required to request a pre-motion conference before moving to transfer that action to this Court.  Mr. Wheat is doing so today.

Second, the Proposed Order provides that "[u]nless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to any complaint other than the operative complaint in the Consolidated Action." Proposed Order at ¶ 11.  Consistent with this proposal, plaintiff Sewright and Defendants have agreed that (i) in the event the United States District Court for the Southern District of New York grants the motion to transfer the Diggs action to this Court, plaintiffs shall file and serve an amended consolidated complaint (the "Consolidated Complaint") within forty-five (45) days from the date of the entry of the order granting the motion to transfer, and Defendants shall answer or otherwise respond to the Consolidated Complaint within thirty (30) days of being served with such Consolidated Complaint; or, alternatively, (ii) in the event the United States District Court for the Southern District of New York denies the motion to transfer the Diggs action to this Court, Defendants shall answer or otherwise respond to the original complaint filed in this action within twenty (20) days of the entry of the order denying the motion to transfer on the docket of that court.  Accordingly, Defendants respectfully request that the Court so order the [Proposed] Consent Scheduling Order And Extension Of Time reflecting this agreement, a copy of which is attached hereto as Exhibit A.

- 4 -

## <u>CONCLUSION</u>

For the foregoing reasons, while preserving their rights with respect to all other issues (including whether a class should ever be certified), Defendants take no position with respect to plaintiff's request that the Court appoint Johnson Bottini, LLP as Interim Class Counsel and Page Perry, LLP as Liaison Counsel.  In addition, Defendants respectfully request that the Court (i) enter the Proposed Order to the extent it provides for the consolidation with the instant action of any related actions filed in, or transferred to, this Court; establishes efficient procedures for the filing and docketing of papers; and otherwise eliminates wasteful and duplicative litigation, and (ii) so order the Consent Scheduling Order And Extension Of Time attached hereto as Exhibit A in order to facilitate the transfer of the <u>Diggs</u> action from the Southern District of New York to this Court for consolidation with the instant action.

Dated:      Atlanta, Georgia
              March 26, 2009      Respectfully submitted,


                                  /s/_____
                                  H. Douglas Hinson
                                  Ga. Bar No. 356790
                                  Patrick C. DiCarlo
                                  Ga. Bar No. 220339
                                  ALSTON & BIRD LLP
                                  One Atlantic Center
                                  1201 West Peachtree Street
                                  Atlanta, Georgia  30309
                                  Tel:  (404) 881-7000
                                  Fax:  (404) 881-7777

                                  CLEARY GOTTLIEB STEEN &
                                  HAMILTON LLP
                                  Mitchell A. Lowenthal
                                  Christopher P. Moore
                                  One Liberty Plaza
                                  New York, New York  10006
                                  Tel.:  (212) 225-2000
                                  Fax:   (212) 225-3999

                                  Attorneys for Defendants ING North America
                                  Insurance Corporation, ING Life Insurance
                                  And Annuity Company, David A. Wheat,
                                  Darryl Harris, and ING U.S. Pension
                                  Committee

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing **MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND FOR CONSOLIDATION OF SUBSEQUENTLY FILED ACTIONS** upon all interested parties on this 26th day of March, 2009 by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows.


David J. Worley
James M. Evangelista
PAGE PERRY LLC
1040 Crown Pointe Parkway, Suite 1050
Atlanta, Georgia  30338

Mitchell A. Lowenthal
Christopher P. Moore
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006


Frank J. Johnson
Francis A. Bottini, Jr.
JOHNSON BOTTINI, LLP
655 West Broadway, Suite 1400
San Diego, California  92101


ALSTON & BIRD LLP

/s/_____
Patrick  C.  DiCarlo (Ga. Bar  No. 220339)